UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 10861 NMG

MATTHEW P. BYRNE, Administrator )
of the Estate of Eileen M. Byrne, )
MAGISTRATE JUDGE Alexander
                                )
    Plaintiff,                  )
                                )   CIVIL ACTION NO.
v.                              )
                                )
VOLVO CARS OF NORTH AMERICA, LLC, )
VOLVO CAR CORPORATION, and FORD )
MOTOR CORPORATION,              )         RECEIPT # 63833
                                )         AMOUNT $
                                )         SUMMONS ISSUED N/A
    Defendant.                  )         LOCAL RULE 4.1
                                )         WAIVER FORM
                                          MCF ISSUED
              **NOTICE OF REMOVAL**        BY DPTY. CLK.
                                          DATE

To:   The Honorable Judge of the
      United States District Court
      District of Massachusetts

Defendants Volvo Cars of North America, LLC ("VCNA"), Volvo Car Corporation ("VCC"), and Ford Motor Corporation ("Ford"), by their attorneys, file this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and request that this action be removed from the Superior Court of Suffolk County, Trial Court Department, Commonwealth of Massachusetts, to this Court. As reasons for removal, VCNA, VCC and Ford state as follows:

1.   VCNA, VCC and Ford are defendants in a civil action brought in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, Civil Action No. 05-0161, entitled *Matthew P. Byrne, Administrator of the Estate of Eileen M. Byrne*. The Complaint was served on VCNA, VCC and Ford on April 8, 2005, which was when VCNA, VCC and Ford first received notice of the Complaint. Copies of all process, pleadings, and orders served upon or by VCNA, VCC and Ford in the state court action are attached hereto as Exhibits A through D.

2. The above-described action is one for which this Court has jurisdiction under 28 U.S.C. § 1332 and is removable under the provisions of 28 U.S.C. § 1441(a) and (b), in that there is complete diversity between the plaintiff and the defendants and the amount in controversy exceeds $75,000. (See Plaintiff's Suffolk County Superior Court Civil Action Cover Sheet (Ex. C).

3. On information and belief and based on the allegations of the Complaint, the plaintiff, Matthew P. Byrne, Administrator of the Estate of Eileen M. Byrne was, at the time this action was commenced and today, a citizen of Massachusetts. (See Complaint (Ex. D) ¶ 2).

4. VCNA was, at the time this action was commenced, and still is, a corporation incorporated under the laws of the state of Delaware and has a principal place of business in Irvine, California.

5. VCC was, at the time this action was commenced, and still is, a corporation incorporated under the laws of Sweden and has a principal place of business in Gothenborg, Sweden.

6. Ford was, at the time this action was commenced, and still is, a corporation incorporated under the laws of the state of Delaware and has a principal place of business in Dearborn, Michigan.

7. Suffolk County, Massachusetts, the place where the pending action was originally filed, is within the geographic boundaries of the United States District Court for the District of Massachusetts. See 28 U.S.C. § 101.

8. Pursuant to Local Rule 81.1(a), VCNA, VCC and Ford shall request from the Clerk of the Suffolk County Superior Court certified or attested copies of all records and

00063633.DOC /

proceedings in the state court and certified or attested copies of all docket entries therein and shall file the same with this Court within thirty days after filing of this Notice.

9. Pursuant to 28 U.S.C. § 1446(d), VCNA, VCC and Ford shall give written notice of this removal to the plaintiff and shall file a copy of this notice with the Clerk of the Suffolk County Superior Court which shall effect the removal, and the state court shall proceed no further unless and until the case is remanded.

WHEREFORE, VCNA, VCC and Ford pray that this action now pending in the Suffolk Superior Court for the Commonwealth of Massachusetts be removed therefrom to this Court.

Respectfully submitted,

Volvo Cars of North America, LLC, Volvo Car Corporation, and Ford Motor Corporation,

By their Attorneys,

Robert J. Muldoon, Jr. (BBO #359480)
John C. La Liberte (BBO #556046)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Dated: April 28, 2005

### CERTIFICATE OF SERVICE

I certify that on this date I served a true copy of this document upon all attorneys of record by mail.

Dated: April 28, 2005

3

00063633.DOC /

# REED, BRETT, DAWSON & WILSON

A PROFESSIONAL ASSOCIATION
101 TREMONT STREET
BOSTON, MASSACHUSETTS 02108
TEL. (617) 426-1166
FAX (617) 426-5583



RECEIVED
APR 8 2005
VOLVO CARS OF NORTH AMERICA, LLC
GENERAL COUNSEL

April 7, 2005

*Via Certified Mail*

Volvo Cars of North America, LLC
7 Volvo Drive
Rockleigh, NJ 07647

Re: Michael P. Byrne, Administrator of the Estate of Eileen M. Byrne
v. Volvo Cars of North America, Inc., Volvo Car Corporation and
Ford Motor Corporation
Suffolk Superior Court Civil Action No. 05-0161

Dear Sir or Madam:

Enclosed please find a copy of the Summons and Complaint in the above entitled matter together with a copy of a Civil Action Cover Sheet, all of which are being served upon you in accordance with the Long Arm Statute of the State of Massachusetts.

Very truly yours,

James A. Brett —*/smc*

James A. Brett

JAB:smc
Enclosures

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-0161

Michael P. Byrne, Administrator
of the Estate of Eileen M. Byrne , Plaintiff(s)

v.

Volvo Cars of North America, INc.,
Volvo Car Corporation and Ford
Motor Company , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon  James A. Brett, Esquire

plaintiff's attorney, whose address is 101 Tremont St., 9th Fl, Boston, MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ____7th____ day of ____April____, in the year of our Lord two thousand ____Five____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

| CIVIL ACTION COVER SHEET | DOCKET NO. | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Matthew P. Byrne, Administrator of the Estate of Eileen M. Byrne | Volvo Cars of North America, Inc., Volvo Car Corporation and Ford Motor Corporation |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| James A. Brett, Esquire Reed, Brett, Dawson, & Wilson, 101 Tremont St., 9th Floor, Boston, MA (617) 426-1166 Board of Bar Overseers number: 056300 | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability-Automobile | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................ $
2. Total Doctor expenses ......................................... $ 3,000.00
3. Total chiropractic expenses ................................... $
4. Total physical therapy expenses ............................... $
5. Total other expenses (describe) ............................... $
   Subtotal $
B. Documented lost wages and compensation to date .................. $
C. Documented property damages to date ............................. $
D. Reasonably anticipated future medical and hospital expenses ..... $
E. Reasonably anticipated lost wages .............................. $
F. Other documented items of damages (describe) ................... $ 1 million

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $

Plaintiff died as a result of her injuries.

$
TOTAL $ 1,003,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 1/14/2005

OTC-6 mtc005-11/99
O.S.C. 1-2000

RECEIVED
APR 8 2005
VOLVO CARS OF NORTH AMERICA, LLC
GENERAL COUNSEL

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                      SUPERIOR COURT DEPARTMENT
                                                                           CIVIL ACTION NO. 05-0161

MATTHEW P. BYRNE, ADMINISTRATOR )
OF THE ESTATE OF EILEEN M. BYRNE, )
                                      )
    Plaintiff,                             )
                                      )
VS.                                   )
                                      )
VOLVO CARS OF NORTH AMERICA, INC., )
VOLVO CAR CORPORATION, AND FORD )
MOTOR CORPORATION, )
                                      )
    Defendants.                    )

## COMPLAINT AND JURY CLAIM

1. This is an action to recover for conscious suffering and death caused by the defective condition of an automobile.

### PARTIES

2. The plaintiff, Matthew P. Byrne, is a resident of Marshfield, Plymouth County, Massachusetts, and is the duly appointed Administrator of the Estate of Eileen M. Byrne, late of Marshfield, Massachusetts. The plaintiff brings this action in his representative capacity for the conscious suffering and death of Eileen M. Byrne.

3. The defendant, Volvo Cars of North America, Inc. (hereinafter "VNA") is a duly organized corporation with a principal place of business in Rockleigh, New Jersey. VNA was, until January of 1999, a wholly owned subsidiary of Volvo Car Corporation. VNA regularly conducts business in Suffolk County, Massachusetts and derives substantial economic benefit from such business.

4. The defendant, Volvo Car Corporation (hereinafter "Volvo Car"), is a corporation organized and existing under the laws of Sweden with a principal of business in Gothenburg, Sweden, and until January of 1999 was the parent corporation of VNA, regularly conducted its business in Massachusetts, and derived substantial economic benefit from such business.

5. The defendant, Ford Motor Corporation (hereinafter "Ford"), is a duly organized corporation with a usual place of business in Dearborn, Michigan, In January of 1999 it purchased Volvo Car which included VNA. Ford regularly conducts business in Suffolk County, Massachusetts and derives substantial economic benefit from such business.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At some time prior to January 18, 2002, Eileen M. Byrne purchased a Volvo 850 GLT Sedan (hereinafter the "Volvo") which had been designed, manufactured, assembled, inspected, tested, advertised and sold by Volvo Car and which had been imported, inspected, tested, advertised, distributed, sold and serviced by VNA.

7. On or about January 18, 2002, Eileen M. Byrne was operating the Volvo on Route 3 North in the Town of Hingham, Massachusetts, and was struck by a motor vehicle operated by Michelle E. Brady.

8. On impact, Eileen M. Byrne suffered blunt force head and neck trauma as well as severe injuries to her cervical spine from which she eventually died.

9. Eileen M. Byrne was a person within the class of people whom VNA and Volvo Car should reasonably have foreseen would use or be affected by the Volvo.

## COUNT 1

## CONSCIOUS PAIN AND SUFFERING AGAINST VNA

10. The defendant, VNA, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was

in a defective, dangerous and hazardous condition. Moreover, VNA negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

11. As a result of VNA's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died.

## COUNT II

### WRONGFUL DEATH AGAINST VNA

12. The defendant, VNA, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, VNA negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

13. As a result of VNA's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died. Eileen M. Byrne eventually died as a result of the injuries which she received.

## COUNT III

### EXPRESS WARRANTY, CONSCIOUS SUFFERING AGAINST VNA

14. By affirmation, promise, description and otherwise, VNA expressly warranted that the Volvo was free of defects and safe for its ordinary purpose.

15. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of

these warranties and of the defective condition of the Volvo, Eileen M. Byrne was seriously injured and eventually died.

### COUNT IV

### IMPLIED WARRANTY, CONSCIOUS SUFFERING AGAINST VNA

16. VNA warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

17. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was severely injured. As a result of her injuries, Eileen M. Byrne was caused to suffer consciously before she died.

### COUNT V

### IMPLIED WARRANTY, WRONGFUL DEATH AGAINST VNA

18. VNA warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

19. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. Eileen M. Byrne eventually died as a result of the injuries suffered in the collision.

### COUNT VI

### CONSCIOUS PAIN AND SUFFERING AGAINST VOLVO CAR

20. The defendant, Volvo Car, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, Volvo Car negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system,

although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

21. As a result of Volvo Car's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died.

## COUNT VII

### WRONGFUL DEATH AGAINST VOLVO CAR

22. The defendant, Volvo Car, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, Volvo Car negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

23. As a result of Volvo Car's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died. Eileen M. Byrne eventually died as a result of the injuries which she received.

## COUNT VIII

### EXPRESS WARRANTY, CONSCIOUS SUFFERING AGAINST VOLVO CAR

24. By affirmation, promise, description and otherwise, Volvo Car expressly warranted that the Volvo was free of defects and safe for its ordinary purpose.

25. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was seriously injured and eventually died.

## COUNT IX

### IMPLIED WARRANTY, CONSCIOUS SUFFERING AGAINST VOLVO CAR

26. Volvo Car warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

27. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was severely injured. As a result of her injuries, Eileen M. Byrne was caused to suffer consciously before she died.

## COUNT X

### IMPLIED WARRANTY, WRONGFUL DEATH AGAINST VOLVO CAR

28. Volvo Car warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

29. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. Eileen M. Byrne eventually died as a result of the injuries suffered in the collision.

## COUNT XI

### FORD MOTOR COMPANY

30  The plaintiff reiterates and incorporates herein the allegations of Paragraphs 1 through 29.

31. Ford Motor Company purchased Volvo Car in January of 1999 and therefore succeeds to any and all obligations and liability which the defendant Volvo Car has with respect to the plaintiff's deceased as the successor and interest to Volvo Car and pursuant to the doctrine of RESPONDEAT SUPERIOR.

WHEREFORE, the plaintiff, Matthew P. Byrne, Administrator of the Estate of Eileen M. Byrne, demands judgment against the defendants Volvo Cars of North America, Inc., Volvo Car Corporation and Ford Motor Corporation for the matters set forth in Counts I through XI herein in an amount to be determined by this Honorable Court plus costs and attorneys fees.

PLAINTIFF REQUESTS JURY TRIAL ON ALL ISSUES SO TRYABLE.

MATTHEW P. BYRNE,

Administrator of the Estate of
Eileen M. Byrne,

by his attorney,

Dated: _____, 2005

_____
James A. Brett, Esquire
Reed, Brett, Dawson & Wilson
101 Tremont Street, 9th Floor
Boston, MA 02108
(617) 426-1166