UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW P. BYRNE, Administrator of the Estate of Eileen M. Byrne, <br><br>Plaintiff, <br><br>v. <br><br>VOLVO CARS OF NORTH AMERICA, LLC, VOLVO CAR CORPORATION, and FORD MOTOR CORPORATION, <br><br>Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. ) ) ) ) ) ) ) ) |

05 10861 NMG

## DEFENDANTS' ANSWER AND JURY CLAIM

Defendants Volvo Cars of North America, LLC ("VCNA"), Volvo Car Corporation ("VCC"), and Ford Motor Corporation ("Ford" and, collectively, the "Defendants"), respond to the allegations in the numbered paragraphs of the Complaint and Jury Claim (the "Complaint") as follows:

1. The first numbered paragraph is an introductory paragraph which purports to characterize the plaintiff's claims in the Complaint and, accordingly, requires no answer. To the extent that any allegations in paragraph one may be construed as allegations of fact, they are denied.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph two.

3. Defendants admit that VCNA is a duly organized limited liability company organized under the laws of the state of Delaware with a principal place of business in Irvine, California and a place of business in Rockleigh, New Jersey. Defendants deny the remaining allegations in this paragraph.

4. Defendants admit that VCC is a corporation organized and existing under the laws of Sweden with a principal place of business in Gothenburg, Sweden. Defendants deny the remaining allegations in this paragraph.

5. Defendants admit that Ford is a corporation organized under the laws of the state of Delaware with a principal place of business in Dearborn, Michigan. Defendants deny the remaining allegations in this paragraph.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. The allegations set forth in paragraph 14 state a conclusion of law, and, thus, no response is required. To the extent that any allegations in paragraph 14 may be construed as negligence or wrongdoing by Defendants, they are denied.

15. Denied.

16. The allegations set forth in paragraph 16 state a conclusion of law, and, thus, no response is required. To the extent that any allegations in paragraph 16 may be construed as negligence or wrongdoing by Defendants, they are denied.

17. Denied.

18. The allegations set forth in paragraph 18 state a conclusion of law, and, thus, no response is required. To the extent that any allegations in paragraph 18 may be construed as negligence or wrongdoing by Defendants, they are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. The allegations set forth in paragraph 24 state a conclusion of law, and, thus, no response is required. To the extent that any allegations in paragraph 24 may be construed as negligence or wrongdoing by Defendants, they are denied.

25. Denied.

26. The allegations set forth in paragraph 26 state a conclusion of law, and, thus, no response is required. To the extent that any allegations in paragraph 26 may be construed as negligence or wrongdoing by Defendants, they are denied.

27. Denied.

28. The allegations set forth in paragraph 28 state a conclusion of law, and, thus, no response is required. To the extent that any allegations in paragraph 28 may be construed as negligence or wrongdoing by Defendants, they are denied.

29. Denied.

30. Defendants restate and incorporate by reference their responses in paragraphs 1 through 30 above.

31. The allegations set forth in paragraph 31 state a conclusion of law, and, thus, no response is required. To the extent that any allegations in paragraph 31 may be construed as negligence or wrongdoing by Defendants, they are denied.

### SECOND AFFIRMATIVE DEFENSE

Defendants deny each and every allegation of the Complaint, except as specifically admitted in this Answer.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

If the plaintiff or Eileen M. Byrne suffered injuries, as alleged in the Complaint, entities and individuals for whose conduct or lack of care Defendants had no legal responsibility caused the alleged injuries, if they occurred.

### FIFTH AFFIRMATIVE DEFENSE

The action is barred by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from recovering against Defendants by reason of the acts and conduct of the plaintiff and/or Eileen M. Byrne.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries alleged, if they occurred, were caused in whole or in part by the intentional acts or negligence of the plaintiff or a third party.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's negligence was greater than the alleged negligence of the Defendants, and the plaintiff's negligence contributed to her alleged injuries, if they occurred. Thus, the plaintiff is barred from recovery.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's conduct constituted comparative negligence and, to the extent damages, if any, are recovered by the plaintiff from Defendants, such damages should be reduced to account for the negligence of the plaintiff in accordance with G.L. c. 231, § 85.

### TENTH AFFIRMATIVE DEFENSE

If the plaintiff was injured by the act or omission of Defendants, which is denied, then the extent of such injury or damage that may be attributable to any act or omission of Defendants was and is de minimis and not a substantial factor.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and/or its remedies limited by the waiver and/or limitation of any and all applicable warranties and remedies.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff failed to provide Defendants with notice of any breach of warranty, if one occurred, which is denied, within a reasonable time, and Defendants were prejudiced by that failure. Thus, the Complaint should be dismissed.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of repose or laches.

**WHEREFORE**, the Defendants pray that the Court enter judgment dismissing the Complaint and allowing the defendants their costs, including reasonable attorneys' fees.

## DEMAND FOR A JURY TRIAL

Defendants request a trial by jury on all issues raised in the Complaint.

Respectfully submitted,

Volvo Cars of North America, LLC, Volvo Car Corporation, and Ford Motor Corporation,

By their Attorneys,

_____
Robert J. Muldoon, Jr. (BBO #359480)
John C. La Liberte (BBO #556046)
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

Dated: April 28, 2005

## **CERTIFICATE OF SERVICE**

I certify that on this date I served a true copy of this document upon all attorneys of record by mail.

Dated: April 28, 2005                                        _____