COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                    SUPERIOR COURT DEPARTMENT
                                                               CIVIL ACTION NO. _____

                                                               05-0161

MATTHEW P. BYRNE, ADMINISTRATOR       )
OF THE ESTATE OF EILEEN M. BYRNE,     )
                                      )
       Plaintiff,                     )
                                      )
VS.                                   )
                                      )
VOLVO CARS OF NORTH AMERICA, INC.,    )
VOLVO CAR CORPORATION, AND FORD       )
MOTOR CORPORATION,                    )
                                      )
       Defendants.                    )
                                      )

## COMPLAINT AND JURY CLAIM

1. This is an action to recover for conscious suffering and death caused by the defective condition of an automobile.

### PARTIES

2. The plaintiff, Matthew P. Byrne, is a resident of Marshfield, Plymouth County, Massachusetts, and is the duly appointed Administrator of the Estate of Eileen M. Byrne, late of Marshfield, Massachusetts. The plaintiff brings this action in his representative capacity for the conscious suffering and death of Eileen M. Byrne.

3. The defendant, Volvo Cars of North America, Inc. (hereinafter "VNA") is a duly organized corporation with a principal place of business in Rockleigh, New Jersey. VNA was, until January of 1999, a wholly owned subsidiary of Volvo Car Corporation. VNA regularly conducts business in Suffolk County, Massachusetts and derives substantial economic benefit from such business.

4. The defendant, Volvo Car Corporation (hereinafter "Volvo Car"), is a corporation organized and existing under the laws of Sweden with a principal of business in Gothenburg, Sweden, and until January of 1999 was the parent corporation of VNA, regularly conducted its business in Massachusetts, and derived substantial economic benefit from such business.

5. The defendant, Ford Motor Corporation (hereinafter "Ford"), is a duly organized corporation with a usual place of business in Dearborn, Michigan, In January of 1999 it purchased Volvo Car which included VNA. Ford regularly conducts business in Suffolk County, Massachusetts and derives substantial economic benefit from such business.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At some time prior to January 18, 2002, Eileen M. Byrne purchased a Volvo 850 GLT Sedan (hereinafter the "Volvo") which had been designed, manufactured, assembled, inspected, tested, advertised and sold by Volvo Car and which had been imported, inspected, tested, advertised, distributed, sold and serviced by VNA.

7. On or about January 18, 2002, Eileen M. Byrne was operating the Volvo on Route 3 North in the Town of Hingham, Massachusetts, and was struck by a motor vehicle operated by Michelle E. Brady.

8. On impact, Eileen M. Byrne suffered blunt force head and neck trauma as well as severe injuries to her cervical spine from which she eventually died.

9. Eileen M. Byrne was a person within the class of people whom VNA and Volvo Car should reasonably have foreseen would use or be affected by the Volvo.

## COUNT 1

## CONSCIOUS PAIN AND SUFFERING AGAINST VNA

10. The defendant, VNA, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was

2

in a defective, dangerous and hazardous condition. Moreover, VNA negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

11. As a result of VNA's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died.

## COUNT II

### WRONGFUL DEATH AGAINST VNA

12. The defendant, VNA, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, VNA negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

13. As a result of VNA's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died. Eileen M. Byrne eventually died as a result of the injuries which she received.

## COUNT III

### EXPRESS WARRANTY, CONSCIOUS SUFFERING AGAINST VNA

14. By affirmation, promise, description and otherwise, VNA expressly warranted that the Volvo was free of defects and safe for its ordinary purpose.

15. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of

3

these warranties and of the defective condition of the Volvo, Eileen M. Byrne was seriously injured and eventually died.

## COUNT IV

### IMPLIED WARRANTY, CONSCIOUS SUFFERING AGAINST VNA

16. VNA warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

17. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was severely injured. As a result of her injuries, Eileen M. Byrne was caused to suffer consciously before she died.

## COUNT V

### IMPLIED WARRANTY, WRONGFUL DEATH AGAINST VNA

18. VNA warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

19. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. Eileen M. Byrne eventually died as a result of the injuries suffered in the collision.

## COUNT VI

### CONSCIOUS PAIN AND SUFFERING AGAINST VOLVO CAR

20. The defendant, Volvo Car, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, Volvo Car negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system,

although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

21. As a result of Volvo Car's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died.

## COUNT VII

### WRONGFUL DEATH AGAINST VOLVO CAR

22. The defendant, Volvo Car, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, Volvo Car negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

23. As a result of Volvo Car's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died. Eileen M. Byrne eventually died as a result of the injuries which she received.

## COUNT VIII

### EXPRESS WARRANTY, CONSCIOUS SUFFERING AGAINST VOLVO CAR

24. By affirmation, promise, description and otherwise, Volvo Car expressly warranted that the Volvo was free of defects and safe for its ordinary purpose.

25. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was seriously injured and eventually died.

COUNT IX

IMPLIED WARRANTY, CONSCIOUS SUFFERING AGAINST VOLVO CAR

26. Volvo Car warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

27. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was severely injured. As a result of her injuries, Eileen M. Byrne was caused to suffer consciously before she died.

COUNT X

IMPLIED WARRANTY, WRONGFUL DEATH AGAINST VOLVO CAR

28. Volvo Car warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

29. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. Eileen M. Byrne eventually died as a result of the injuries suffered in the collision.

COUNT XI

FORD MOTOR COMPANY

30 The plaintiff reiterates and incorporates herein the allegations of Paragraphs 1 through 29.

31. Ford Motor Company purchased Volvo Car in January of 1999 and therefore succeeds to any and all obligations and liability which the defendant Volvo Car has with respect to the plaintiff's deceased as the successor and interest to Volvo Car and pursuant to the doctrine of RESPONDEAT SUPERIOR.

WHEREFORE, the plaintiff, Matthew P. Byrne, Administrator of the Estate of Eileen M. Byrne, demands judgment against the defendants Volvo Cars of North America, Inc., Volvo Car Corporation and Ford Motor Corporation for the matters set forth in Counts I through XI herein in an amount to be determined by this Honorable Court plus costs and attorneys fees.

PLAINTIFF REQUESTS JURY TRIAL ON ALL ISSUES SO TRYABLE.

Dated: 1/17, 2005

MATTHEW P. BYRNE,

Administrator of the Estate of Eileen M. Byrne,

by his attorney,

James A. Brett, Esquire
Reed, Brett, Dawson & Wilson
101 Tremont Street, 9th Floor
Boston, MA 02108
(617) 426-1166

I HEREBY ATTEST AND CERTIFY ON

MAY 2, 2005

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL J. [illegible]
CLERK / MAGISTRATE
SUFFOLK SUPERIOR
DEPARTMENT OF THE TRIAL COURT

BY: [signature]

ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-0161 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF Matthew P. Byrne, Administrator of the Estate of Eileen M. Byrne | DEFENDANT(S) Volvo Cars of North America, Inc., Volvo Car Corporation and Ford Motor Corporation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE James A. Brett, Esquire Reed, Brett, Dawson & Wilson, 101 Tremont St., 9th Floor, Boston, MA (617) 426-1166 Board of Bar Overseers number: 056300 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231. s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability-Automobile | ( A ) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................ $3,000.00
2. Total Doctor expenses ................. $
3. Total chiropractic expenses ........... $
4. Total physical therapy expenses ....... $
5. Total other expenses (describe) ....... $
   Subtotal $
B. Documented lost wages and compensation to date ... $
C. Documented property damages to date .............. $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ................ $ 1 million
F. Other documented items of damages (describe) ..... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff died as a result of her injuries.

$
TOTAL $ 1,003,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 1/14/2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

MAY 2, 2005

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

BY: _____
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

3

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 05-0161

MATTHEW P. BYRNE, ADMINISTRATOR )
OF THE ESTATE OF EILEEN M. BYRNE, )
                                  )
    Plaintiff,                    )
                                  )
VS.                               )
                                  )
VOLVO CARS OF NORTH AMERICA, LLC, )
VOLVO CAR CORPORATION, AND FORD   )
MOTOR CORPORATION,                )
                                  )
    Defendants.                   )

## AMENDED COMPLAINT AND JURY CLAIM

1.  This is an action to recover for conscious suffering and death caused by the defective condition of an automobile.

PARTIES

2.  The plaintiff, Matthew P. Byrne, is a resident of Marshfield, Plymouth County, Massachusetts, and is the duly appointed Administrator of the Estate of Eileen M. Byrne, late of Marshfield, Massachusetts. The plaintiff brings this action in his representative capacity for the conscious suffering and death of Eileen M. Byrne.

3.  The defendant, Volvo Cars of North America, LLC (hereinafter "VNA") is a duly organized corporation with a principal place of business in Rockleigh, New Jersey. VNA was, until January of 1999, a wholly owned subsidiary of Volvo Car Corporation. VNA regularly conducts business in Suffolk County, Massachusetts and derives substantial economic benefit from such business.

4. The defendant, Volvo Car Corporation (hereinafter "Volvo Car"), is a corporation organized and existing under the laws of Sweden with a principal of business in Gothenburg, Sweden, and until January of 1999 was the parent corporation of VNA, regularly conducted its business in Massachusetts, and derived substantial economic benefit from such business.

5. The defendant, Ford Motor Corporation (hereinafter "Ford"), is a duly organized corporation with a usual place of business in Dearborn, Michigan, In January of 1999 it purchased Volvo Car which included VNA. Ford regularly conducts business in Suffolk County, Massachusetts and derives substantial economic benefit from such business.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At some time prior to January 18, 2002, Eileen M. Byrne purchased a Volvo 850 GLT Sedan (hereinafter the "Volvo") which had been designed, manufactured, assembled, inspected, tested, advertised and sold by Volvo Car and which had been imported, inspected, tested, advertised, distributed, sold and serviced by VNA.

7. On or about January 18, 2002, Eileen M. Byrne was operating the Volvo on Route 3 North in the Town of Hingham, Massachusetts, and was struck by a motor vehicle operated by Michelle E. Brady.

8. On impact, Eileen M. Byrne suffered blunt force head and neck trauma as well as severe injuries to her cervical spine from which she eventually died.

9. Eileen M. Byrne was a person within the class of people whom VNA and Volvo Car should reasonably have foreseen would use or be affected by the Volvo.

## COUNT 1

### CONSCIOUS PAIN AND SUFFERING AGAINST VNA

10. The defendant, VNA, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was

in a defective, dangerous and hazardous condition. Moreover, VNA negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

11. As a result of VNA's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died.

## COUNT II

### WRONGFUL DEATH AGAINST VNA

12. The defendant, VNA, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, VNA negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

13. As a result of VNA's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died. Eileen M. Byrne eventually died as a result of the injuries which she received.

## COUNT III

### EXPRESS WARRANTY, CONSCIOUS SUFFERING AGAINST VNA

14. By affirmation, promise, description and otherwise, VNA expressly warranted that the Volvo was free of defects and safe for its ordinary purpose.

15. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of

these warranties and of the defective condition of the Volvo, Eileen M. Byrne was seriously injured and eventually died.

### COUNT IV

### IMPLIED WARRANTY, CONSCIOUS SUFFERING AGAINST VNA

16. VNA warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

17. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was severely injured. As a result of her injuries, Eileen M. Byrne was caused to suffer consciously before she died.

### COUNT V

### IMPLIED WARRANTY, WRONGFUL DEATH AGAINST VNA

18. VNA warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

19. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. Eileen M. Byrne eventually died as a result of the injuries suffered in the collision.

### COUNT VI

### CONSCIOUS PAIN AND SUFFERING AGAINST VOLVO CAR

20. The defendant, Volvo Car, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, Volvo Car negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system,

although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

21. As a result of Volvo Car's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died.

## COUNT VII

### WRONGFUL DEATH AGAINST VOLVO CAR

22. The defendant, Volvo Car, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the Volvo, as a result of which the Volvo was in a defective, dangerous and hazardous condition. Moreover, Volvo Car negligently failed to take any steps to correct the defects, specifically, defects in the deployment of its front airbag system, although it knew of the defects and had the ability to correct the defects at little or no cost, and it failed to give Eileen M. Byrne any warning of the defects or danger.

23. As a result of Volvo Car's negligence and of the defective condition of the Volvo, Eileen M. Byrne was severely injured and was caused to suffer consciously before she died. Eileen M. Byrne eventually died as a result of the injuries which she received.

## COUNT VIII

### EXPRESS WARRANTY, CONSCIOUS SUFFERING AGAINST VOLVO CAR

24. By affirmation, promise, description and otherwise, Volvo Car expressly warranted that the Volvo was free of defects and safe for its ordinary purpose.

25. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was seriously injured and eventually died.

## COUNT IX

### IMPLIED WARRANTY, CONSCIOUS SUFFERING AGAINST VOLVO CAR

26. Volvo Car warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

27. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. As a result of the breach of these warranties and of the defective condition of the Volvo, Eileen M. Byrne was severely injured. As a result of her injuries, Eileen M. Byrne was caused to suffer consciously before she died.

## COUNT X

### IMPLIED WARRANTY, WRONGFUL DEATH AGAINST VOLVO CAR

28. Volvo Car warranted, by implied warranty, that the Volvo was of merchantable quality and fit for its ordinary use.

29. In breach of these warranties, the Volvo was in a defective, dangerous and hazardous condition, specifically in the deployment of its front airbag system. Eileen M. Byrne eventually died as a result of the injuries suffered in the collision.

## COUNT XI

### FORD MOTOR COMPANY

30 The plaintiff reiterates and incorporates herein the allegations of Paragraphs 1 through 29.

31. Ford Motor Company purchased Volvo Car in January of 1999 and therefore succeeds to any and all obligations and liability which the defendant Volvo Car has with respect to the plaintiff's deceased as the successor and interest to Volvo Car and pursuant to the doctrine of RESPONDEAT SUPERIOR.

WHEREFORE, the plaintiff, Matthew P. Byrne, Administrator of the Estate of Eileen M. Byrne, demands judgment against the defendants Volvo Cars of North America, LLC, Volvo Car Corporation and Ford Motor Corporation for the matters set forth in Counts I through XI herein in an amount to be determined by this Honorable Court plus costs and attorneys fees.

PLAINTIFF REQUESTS JURY TRIAL ON ALL ISSUES SO TRYABLE.

MATTHEW P. BYRNE,

Administrator of the Estate of
Eileen M. Byrne,

by his attorney,

Dated: 4/7, 2005

James A. Brett, Esquire
Reed, Brett, Dawson & Wilson
101 Tremont Street, 9th Floor
Boston, MA 02108
(617) 426-1166

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005
THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

7

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

# SUCV2005-00161
## Byrne, Admr v Volvo Cars of North America Inc et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 01/14/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 04/29/2005 | Session | H - Civil H, 3 Pemberton Square, Boston | | |
| Origin | 1 | Case Type | B05 - Products liability | | |
| Lead Case | | Track | A | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 04/14/2005 | Answer | 06/13/2005 | Rule12/19/20 | 06/13/2005 |
| Rule 15 | 04/09/2006 | Discovery | 03/05/2007 | Rule 56 | 05/04/2007 |
| Final PTC | 09/01/2007 | Disposition | 01/14/2008 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Matthew P Byrne, Admr
Active 01/14/2005

Private Counsel 056300
James A Brett
Reed O'Reilly & Brett
101 Tremont Street
9th Floor
Boston, MA 02108
Phone: 617-426-1166
Fax: 617-426-5583
Active 01/14/2005 Notify

**Alias plaintiff name**
Eileen M Byrne, estate of
Active 01/14/2005

*** See Attorney Information Above ***

**Defendant**
Volvo Cars of North America Inc
Service pending 01/14/2005

Private Counsel 359480
Robert J Muldoon Jr
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
Phone: 617-646-2000
Fax: 617-542-5186
Active 04/29/2005 Notify

Private Counsel 556046
John C LaLiberte
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
Phone: 617-646-2000
Fax: 617-542-5186
Active 04/29/2005 Notify

MAS-20030912　　　　　　　　Case 1:05-cv-10861-NMG　　Document 4　　Filed 05/04/2005　　Page 17 of 17　　04/29/2005
guen　　　　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　　　　　12:16 PM
　　　　　　　　　　　　　　　　　　　　SUFFOLK SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　　　　Civil Docket

## SUCV2005-00161
### Byrne, Admr v Volvo Cars of North America Inc et al

| Defendant | |
|---|---|
| Volvo Car Corporation<br>Service pending 01/14/2005 | **Private Counsel 359480**<br>Robert J Muldoon Jr<br>Sherin and Lodgen LLP<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-646-2000<br>Fax: 617-542-5186<br>Active 04/29/2005 Notify<br><br>**Private Counsel 556046**<br>John C LaLiberte<br>Sherin and Lodgen LLP<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-646-2000<br>Fax: 617-542-5186<br>Active 04/29/2005 Notify |
| **Defendant**<br>Ford Motor Corporation<br>Service pending 01/14/2005 | **Private Counsel 359480**<br>Robert J Muldoon Jr<br>Sherin and Lodgen LLP<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-646-2000<br>Fax: 617-542-5186<br>Active 04/29/2005 Notify<br><br>**Private Counsel 556046**<br>John C LaLiberte<br>Sherin and Lodgen LLP<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-646-2000<br>Fax: 617-542-5186<br>Active 04/29/2005 Notify |

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/14/2005 | 1.0 | Complaint & jury demand on complaint (all issues) |
| 01/14/2005 | | Origin 1, Type B05, Track A. |
| 01/14/2005 | 2.0 | Civil action cover sheet filed |
| 04/11/2005 | 3.0 | Amended complaint of Matthew P Byrne, Admr (Jury demand) all issues |
| 04/29/2005 | | Certified copy of petition to removal to U. S. Dist. Court of Defts. Vollvo Cars of North America, LLC, Volvo Car Corporation, and Ford Motor Corporation U. S. Dist.#(05-10861NMG). |
| 04/29/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS